IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| SAM BEKEMEIER ) | |
| ) | |
| Plaintiffs, ) | |
| ) | vs. |
| ) | |
| ) | Division |
| WILLIAM BLAIR & ) | |
| VOLT EQUIPMENT, LLC ) | |
| A/K/A WEST WIND LOGISTICS, LLC ) | |
| ) | |
| Serve at: ) | |
| William Blair ) | |
| 7050 S. Archer Rd. ) | |
| Bedford Park, IL 60458 ) | |
| ) | |
| Serve at: ) | |
| Volt Equipment, LLC a/k/a West ) | |
| Wind Logistics, LLC ) | |
| Registered Agent: ) | |
| Piotr Dziedzic ) | |
| 7050 S. Archer Rd. ) | |
| Bedford Park, IL 60458 ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |

PETITION

COME NOW Plaintiff, SAM BEKEMEIER, and for their Petition against Defendants, WILLIAM BLAIR and VOLT EQUIPMENT, LLC A/K/A WIND LOGISTICS, LLC. states as follows:

1. At the time of the subject incident Plaintiffs were residents of Missouri.

2. Defendant WILLIAM BLAIR (hereinafter "Defendant Blair") is a resident of Illinois.

Exhibit A

3. Defendant VOLT EQUIPMENT, LLC A/K/A WIND LOGISTICS, LLC (hereinafter "Defendant Volt Equipment, LLC"), is a business conducting and duly authorized to conduct business in the State of Missouri.

4. Defendant Blair as at all time material hereto an employee or agent of Defendant Volt Equipment, LLC and was acting in the scope and course of his employment or agency for Defendant Volt Equipment, LLC.

5. The amount in controversy exceeds $25,000, exclusive of interest and costs.

6. Venue is appropriate in St. Louis City, State of Missouri pursuant to Mo. STAT. § 508.010.

## FACTS COMMON TO ALL COUNTS

7. On February 17, 2022 at approximately 8:24 am Plaintiff was driving a vehicle northbound I-55.

8. Plaintiff was going northbound on I-55 and was established in lane 1.

9. Defendant Blair was also traveling northbound on I-55 in an 18 wheeler owned by Defendant Volt Equipment, LLC, when he crashed into the passenger side of Plaintiff's vehicle. Said impact caused extensive damage to both property and persons.

10. On or about February 17, 2022, and at all times relevant hereto, Defendant Blair was, at all times, acting as an employee or agent for Defendant Volt Equipment, LLC.

11. On or about February 17, 2022, and at all times relevant hereto, Defendant Volt Equipment, LLC owned the vehicle driven by Defendant Blair who operated the vehicle as part of employment or agency for Defendant Volt Equipment, LLC.

12. On or about February 17, 2022, and at all times relevant hereto, Defendant Blair's vehicle was registered in the name of Defendant Volt Equipment, LLC.

13. Defendants owed Plaintiff the highest degree of care in operating the vehicle they were driving prior to and during the previously-referenced collision.

14. Defendants breached the duty they owed Plaintiff in the following respects:

   A) Defendants failed to keep a lookout;

   B) Defendants failed to operate their vehicle in a safe manner;

   C) Defendants failed to avoid the collision;

   D) Defendants did not maintain the vehicle in a proper lane of travel;

   E) Defendants failed to safely bring their vehicle to a stop.

15. As a direct and proximate result of Defendants negligence, Plaintiff SAM BEKEMEIER was jolted abruptly, causing him to suffer injuries.

16. In addition to his injuries, the Plaintiff has endured and will continue to endure physical, mental, and emotional pain and suffering and loss of enjoyment of life.

### **COUNT I – SAM BEKEMEIER v. VOLT EQUIPMENT, LLC.**

17. Plaintiff, SAM BEKEMEIR, hereby incorporates by reference paragraphs 1 through 16 as if fully set forth herein.

18. At all relevant times herein, Defendant Blair was acting within the course and scope of his employment with Volt Equipment LLC.

19. As a direct and proximate result of Defendants' negligence, Plaintiff SAM BEKEMEIR was jolted abruptly, causing him to suffer injuries.

20. In addition to his injuries, the Plaintiff has endured and will continue to endure physical, mental, and emotional pain and suffering and loss of enjoyment of life.

WHEREFORE, Plaintiff requests the Court to enter judgment in their favor and against the Defendants, and award them compensatory damages in an amount to be proven at trial to be

fair and reasonable in excess of $25,000; to award them prejudgment interest and the costs of this action; and to grant such other relief as the Court may deem necessary and proper.

### COUNT II SAM BEKEMEIER NEGLIGENCE v. WILLIAM BLAIR

21.  Plaintiff, SAM BEKEMEIER, and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above to All Counts as if they were set forth herein at length and further states:

WHEREFORE, Plaintiff requests the Court to enter judgment in their favor and against the Defendants, and award them compensatory damages in an amount to be proven at trial to be fair and reasonable in excess of $25,000; to award them prejudgment interest and the costs of this action; and to grant such other relief as the Court may deem necessary and proper.

Respectfully submitted:

/s/Gary J. Lauber
Gary J. Lauber, #50808
SANSONE & LAUBER
7777 Bonhomme Ave
Suite 2100
Clayton, Missouri 63105
314 863-0503
314 677-3530 (fax)
gary@MissouriLawyers.com

ATTORNEYS FOR PLAINTIFF